**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff,<br><br>v.<br><br>KYLE M. BOND,<br>     Defendant. | Case No. 4:23-cr-40031-JPG |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S**
**SENTENCING MEMORANDUM**

Defendant Kyle Bond offers three brief responses to the government's sentencing memorandum filed at ECF No. 55.

First, the government focuses on Mr. Bond's criminal history, ECF No. 55 at 4-8, noting more than once that Mr. Bond reoffended after past chances as rehabilitation. *See e.g.*, *id.* at 7 ("chances for rehabilitation), 8 ("opportunities for rehabilitation," referenced more than once on this page). Mr. Bond acknowledges his criminal history. But as Mr. Bond noted, the defense's recommended sentence of 120 months accounts for his criminal history and prior chances. The longest incarceration that Mr. Bond has ever served is 32 months, with other sentences of just 4 months and 9 months. *See* ECF No. 54 at 5-6. A sentence of 120 months is a dramatic increase and sufficient to address the government's concern that past "lesser sentences" "have not had the intended effect." ECF No. 55 at 8. A sentence of 120 months is an incremental increase and would result in Mr. Bond's spending at least three times as long in custody as he ever has before.

Second, the government also asks for a "strong sentence" and a "meaningful sentence" to promote respect for the law and for deterrence. ECF No. 55 at 7, 8; *see also id.* at 8 ("lengthy and meaningful sentence" for deterrence). A decade is a long time—any definition of a "meaningful" sentence must include a sentence of 120 months. The government does not argue otherwise. The recommended sentence of 120 months will accomplish the

government's stated goal of a strong, meaningful, and lengthy sentence.  With respect to deterrence, the parties' recommendations differ by 38 months (120 to 158).  Mr. Bond contends that 120 months is a sufficient deterrent for himself and others, and it sends a message that possession of a firearm "will incur harsh punishment even when no one is injured and when the firearm is not used in a violent crime."  ECF No. 54 at 6.  The government does not say why a 120-month sentence is too short for deterrence but another 38 months is long enough.  The difference between 10 and 13 years is not likely to make a significant difference in the sentence's deterrent value.  *See United States v. Gallego*, No. 95-cr-0284, 2025 WL 723237, *5 n.42 (S.D.N.Y. 3/6/2025) ("Research suggests that general deterrence is primarily a function of the certainty of punishment and not its severity.").

Third, the government suggests that to avoid sentencing disparities, Mr. Bond should be compared to others throughout the country who have committed this same type of crime.  ECF No. 55 at 9.  The government relies on commentary from the Seventh Circuit, from more than a decade ago, that "a within-guidelines sentence necessarily takes into account unwarranted disparities."  *Id.*[1]  But the government then does not even mention the actual data from the U.S. Sentencing Commission's Judiciary Sentencing Information ("JSIN") database.  As Mr. Bond noted, that data shows that for people with the same primary Guideline, offense level, and criminal history category as Mr. Bond, the average sentence is 109 months and the median is 120 months.  Mr. Bond's requested sentence of 120 months is exactly at the median and is longer than average.

## CONCLUSION

The government's sentencing memorandum explained its reasons for seeking a meaningful and significant sentence to serve the goals of sentencing.  Absent from that memorandum, however, is an argument for why a decade-long sentence of 120 months is not

---

[1] Although the government cites *United States v. Matthews*, 701 F.3d 1199, 1205 (7th Cir. 2012) for this quote, the quote comes from *United States v. White*, 737 F.3d 1121, 1145 (7th Cir. 2013), which itself cited *Matthews*.

sufficient to serve those goals and comply with the parsimony principle in 18 U.S.C. § 3553(a). Mr. Bond respectfully requests that the Court impose a sentence of 120 months.

                                       Respectfully submitted,

Dated: April 11, 2025            */s/ Evan C. Greenberg*
                                        Evan C. Greenberg #271356 (CA)
                                        The Law Offices of Evan Greenberg, LLC
                                        231 S. Bemiston Ave., Suite 800
                                        St. Louis, MO 63105
                                        Phone: 314-403-2039
                                        Fax: 650-326-9704
                                        Email: evan@evangreenberglaw.com
                                        Attorney for Defendant